IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WICHERN,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:19-CV-1172-DMC<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 6, 7, and 8, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment, see 28 U.S.C. § 636(c). Pending before the Court are the parties' briefs on the merits. See ECF Nos. 12 and 20.

        The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3    If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

|   |   |   |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///

///

///

///

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on July 5, 2017. See CAR 17.[1] In the application, plaintiff claims disability began on July 27, 2015. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on October 12, 2018, before Administrative Law Judge (ALJ) Kevin Gill. In a March 27, 2019, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative dis disease of the lumbar and cervical spines, status post cervical spine surgery, right shoulder impairment and status post right shoulder surgery, right elbow impairment and status post right elbow surgeries;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work activity with non-exertional right upper extremity manipulative limitations; the claimant can frequently reach, handle, finger, and feel with the upper right extremity;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 18-32.

After the Appeals Council declined review on May 15, 2019, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on September 30, 2019. See ECF No. 10-3.

## III. DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) at Step 4, the ALJ erred in failing to afford plaintiff's Veteran's Administration (VA) disability rating great weight; (2) at Step 2, the ALJ failed to properly evaluate plaintiffs mental impairments; and (3) at Step 4, the ALJ failed to provide clear and convincing reasons to reject plaintiff's statements and testimony regarding his pain as not credible.

### A. VA Disability Ratings

A VA determination of disability is ordinarily entitled to great weight. See Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, for claims filed after March 27, 2017, decisions by other governmental agencies are viewed as evidence which "is inherently neither valuable nor persuasive to the issue of whether [the claimant is] disabled or blind under the act." 20 C.F.R. § 404.1520b(c)(1)-(3). ALJ's are not required to "provide any analysis about how [they] considered such evidence in [their] determination of [their] decision". 20 C.F.R. § 404.1520b(c)(1). Decisions from other governmental agencies, including the VA, about whether a social security claimant is disabled are "based on [the other agencies'] rules, [they are] not binding on [the SSA] and is not [the SSA's] decision about whether you are disabled or blind under our rules." 20 C.F.R. § 404.1504.

At Step 4, the ALJ determined plaintiff's residual functional capacity and, in doing, so considered plaintiff's VA disability rating. See CAR 30. Regarding plaintiff's VA disability rating, the ALJ stated:

> Finally, on October 19, 2015, the claimant received a VA disability decision that found him 100% disabled (5A/7). Specifically, the decision found that his right shoulder impairment caused 40% disability (5A/2). His right lower extremity neuropathy caused 10% disability (5A/3). His right upper extremity radiculopathy was found to cause 20% disability, while his left lower extremity radiculopathy causes 10% disability (5A/4). Finally, his cervical spine impairment causes 30% disability (5A/5). While the decision provided underlying objective medical findings, discussed in detail above within the undersigned's disability decision, there are no functional limitations for work activity discussed as a basis for these findings that relate solely to the VA disability program. Given that the significant differences between VA disability analysis and the undersigned's review, there is little probative in value in the findings from

///

the VA disability, which is less than persuasive to this analysis.

CAR 30.

Plaintiff argues the record does not support the ALJ's analysis. See ECF 12, pgs. 14-15. According to plaintiff:

> The record does not support the ALJ. The VA's disability rating includes functional limitations. Wichern's 100% VA disability rating addresses his physical functional limitations as; (a) weakness, excess fatigability, and incoordination. Wichern's VA disability rating addresses his functional mental limitations as (b); difficulty in adapting to stressful circumstances, depressed mood, suicidal ideation, impairment of short- and long-term memory, disturbances of motivation, difficulty in adapting to a work like setting , impaired judgment, anxiety, difficulty in establishing and maintaining effective work and social relationships, impaired impulse control, occupational and social impairment with reduced reliability and productivity. (AR 106).

Id.

Defendant argues the new regulatory framework governs the ALJ's consideration of plaintiff's VA disability rating because plaintiff applied for benefits after March 27, 2017. Defendant concludes that, regardless of prior standards governing consideration of VA disability ratings, the new regulations apply in this case and, under these regulations, the ALJ did not err in disregarding plaintiff's VA disability ratings.

The Court agrees with defendant. Plaintiff's argument is premised on prior standards, applicable only to claims filed before March 27, 2017, which require the ALJ to provide specific reasons for rejecting VA disability ratings. Plaintiff's claim in this case, however, was filed on July 5, 2017 – after the March 27, 2017, trigger date for the new regulations. Under the new regulations, which the Court finds applicable in this case, the ALJ is not required to consider VA disability ratings. As such, the ALJ's analysis here goes beyond what the current regulations require.

/ / /

/ / /

/ / /

/ / /

/ / /

**B.     Mental Impairments**

To qualify for benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c).[2] In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See Social Security Ruling (SSR) 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

At Step 2, the ALJ determined the severity of plaintiff's impairments. See CAR 20-23. The ALJ found plaintiff's mental impairment to be non-severe. See id. Plaintiff argues:

> . . . The ALJ fails to address the VA mental impairment rating. Wichern tests positive when screened for depression (AR 404). The VA mental health team diagnosed Wichern with a bipolar disorder. The VA gave Wichern 70% mental disability rating. (AR 1005). Dr. Dominguez, PhD, determines Wichern suffers from pain, depression and malaise. Dr. Dominguez diagnoses; hopelessness, and suicidal thoughts (AR 402). Wichern has little interest or pleasure in doing things more than half the days, feels down, depressed or hopeless on several days (AR 404, 481).
> Wichern states he knows he needs psychological assistance and is in the process of obtaining services from the VA. He states he is seen by Dr. Dominguez but has had trouble because of the VA's delays. . . .
> As such, the VA has determined Wichern has a 70% rating for his mental illness; bipolar mood disorder. The VA diagnosed him positive when screened for depression. He has received help in the VA from Dr. Dominguez and is waiting for the VA to provide more services. As such,

---

[2] Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

7

> the ALJ is required to address Wichern's mental functional capacity. Therefore, the ALJ's finding not addressing mental residual [capacity] is not supported by the regulations and his finding is not supported by substantial evidence.

ECF No. 12, pgs. 16-18.

Plaintiff's argument is unpersuasive. The gravamen of plaintiff's argument is that the ALJ erred at Step 2 with respect to the severity of plaintiff's mental impairments because the ALJ failed to address the VA's disability ratings. As discussed above, the regulations applicable to this case do not require the ALJ to consider plaintiff's VA disability ratings. Moreover, the ALJ did not err by, as plaintiff also suggests, citing only a lack of treatments for mental impairments. A review of the hearing decision reflects that, in addition to a lack of evidence of mental health treatment, the ALJ relied on the opinions of psychiatric consultative examiner, Dr. Acenas, who found no medically determinable mental impairments. See CAR 21. Plaintiff does not challenge the ALJ's analysis of or reliance on Dr. Acenas' opinions. Finally, the hearing decision shows that the ALJ properly considered plaintiff's mental impairments in the context of the specific areas of mental functioning outlined in the regulations. See CAR 22-23.

Because the ALJ did not err by disregarding the VA's disability ratings, and the hearing decision reflects the ALJ properly considered the opinion evidence of record in the context of the areas of mental functioning, the Court finds the ALJ did not err at Step 2 in concluding plaintiff's mental impairments are non-severe. For this reason, the ALJ was not required to consider whether plaintiff's residual functional capacity is eroded by limitations associated with severe mental impairments.

### C. Credibility

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible

and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

1         Regarding reliance on a claimant's daily activities to find testimony of disabling
2  pain not credible, the Social Security Act does not require that disability claimants be utterly
3  incapacitated.  See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).  The Ninth Circuit has
4  repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . .
5  does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v.
6  Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th
7  Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a
8  claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic
9  restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the
10 claimant was entitled to benefits based on constant leg and back pain despite the claimant's
11 ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home
12 activities are not easily transferable to what may be the more grueling environment of the
13 workplace, where it might be impossible to periodically rest or take medication").  Daily
14 activities must be such that they show that the claimant is ". . .able to spend a substantial part of
15 his day engaged in pursuits involving the performance of physical functions that are transferable
16 to a work setting." Fair, 885 F.2d at 603.  The ALJ must make specific findings in this regard
17 before relying on daily activities to find a claimant's pain testimony not credible.  See Burch v.
18 Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

19         At Step 4, the ALJ evaluated the credibility of plaintiff's subjective statements and
20 testimony in determining residual functional capacity.  See CAR 24-31.  The ALJ concluded
21 plaintiff's statements and testimony to be not credible because they are inconsistent with the
22 objective medical evidence, plaintiff's conservative course of treatment, the opinion evidence,
23 and plaintiff's daily activities.  Plaintiff argues the ALJ erred in rejecting his statements and
24 testimony regarding pain as not credible without providing clear and convincing reasons for doing
25 so.  See ECF No. 12, pg. 18.  Plaintiff's argument, in its entirety, is as follows:

> Orthopedist Dr. Gay, MD evaluated Wichern. Dr. Gay found empty can and Neer's positive, Mayo shear and crank test positive, and AC joint cross-body abduction test positive. These tests indicate pain in the rotor cuff, and shoulder and joints. Surgeon Dr. Titterman diagnoses Wichern with persistent pain in his shoulder (AR 911)(959). William

10

        Matthews M.D. the patient was having pain radiating into the fifth and third digit of his right hand which was likely due to radiculopathy (AR 1141). Wichern has debilitating migraines (AR 90). As such Wichern's pain was not addressed by the ALJ. Therefore, the ALJ's finding is not supported by substantial evidence.

ECF No. 12, pg. 18.

        Plaintiff's argument is unpersuasive. While plaintiff identifies various diagnoses that could reasonably be expected to cause pain, the ALJ did not find to the contrary. In fact, the ALJ acknowledged that plaintiff's impairments could be expected to cause some degree of pain. See CAR 30-31. Further, the existence of diagnoses of impairments does not necessarily support any finding regarding the degree of pain from which plaintiff suffers. As such, the mere existence of an impairment that can cause pain does not undermine the ALJ's analysis. Finally, as defendant notes, the ALJ provided a detailed analysis of plaintiff's credibility in the context of the evidence as a whole, including the objective medical findings, the opinion evidence, plaintiff's lack of more aggressive pain treatment, and plaintiff's daily activities. Plaintiff raises no specific arguments regarding any of these reasons cited by the ALJ.

## IV.  CONCLUSION

        Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's motion for summary judgment, ECF No. 12, is denied;

        2.     Defendant's motion for summary judgment, ECF No. 20, is granted;

        3.     The Commissioner's final decision is affirmed; and

        4.     The Clerk of the Court is directed to enter judgment and close this file.

Dated: September 29, 2020

                                                          DENNIS M. COTA
                                                           UNITED STATES MAGISTRATE JUDGE